TEODORO FAJARDO CABASSA ET AL. ETC., Appellants, *v.* THE
REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. O-68-123.      Decided December 30, 1969.

*Carlos García Méndez* and *Andrés Guillermard Fajardo* for
appellant. The respondent Registrar appeared by brief.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On June 28, 1965, a certified copy of the deed of lease
No. 203 executed on June 10, 1959 before notary Carlos
García Méndez was presented in the San Germán Section of

the Registry of Property for record. The Registrar suspended the record of said deed and returned it to the presenter, through the following note:

"This document is hereby returned and recording thereof is suspended because Ulpiano Colom is not credited the power to appear in the name of the lessees who compose the Mateo Fajardo Cardona Community, neither is Luis V. Valiente credited to appear in the name of his wife Carmen Roger, and a note of suspension for 60 days is entered on the margin of the entry of presentation No. 599 at page 300 of Vol. 221 of the Daybook, as provided by Act No. 73 of June 23, 1958. San Germán, March 8, 1966. Fees $0.50 cancelled stamp in that amount. Act No. 67 of 1963. (Signed) Juan Juan Toro, Registrar. Accordingly, I received the document and was notified of the foregoing note of suspension, today March 17, 1966. (Signed) Antonio Seda, presenter." (Appellant's Brief at p. 3.)

Appellants, feeling aggrieved, filed an administrative appeal bearing No. G-66-3 of this Court. On June 24, 1966 we rendered judgment in said appeal, reversing the note appealed from and we ordered the requested record.

In accordance with the judgment rendered by this Court on appeal G-66-3, the same deed No. 203 was presented anew for its recording in the Registry on November 28, 1966.

On April 19, 1968 the Registrar refused to record it through the following note:

"The record of the foregoing document is REFUSED in view of the fact that the lessors Carmen Roger Valiente, Héctor Fajardo Roger, and Wilda Fajardo Córdova are also lessees for it has been thus stated therein upon being listed as part of the Community of Heirs Mateo Fajardo Cardona, and in view also of the fact that the Heirs of Bertha Frances are set forth as part of said Community, such Heirs lack juridical capacity and they do not appear and the deed does not state who are said heirs; it is also noted that the document states that fifty hundredths of a cuerda was segregated from property letter 'A' which does not appear as recorded and it is not established that the same had been approved by the Planning

Board of Puerto Rico, wherefore the proper cautionary notice is entered for the legal term in favor of the lessees, there where it is indicated in the margin of the description of each one of the properties, the notice of property letter B being limited to the area as it appears in the record after its survey and the segregation of 3.40 cuerdas made thereof, the entries being verified with the curable defects of not crediting Luis V. Valiente with the power to appear in the name of his wife Carmen Roger, nor that Ulpiano Colom to appear in the name of the aforementioned Heirs of Mateo Fajardo Cardona Community. All the properties are also encumbered with a lease contract in favor of Carmen Roger Suau Valiente and her husband Luis V. Valiente of the joint ownership belonging to Héctor and Wilda Fajardo, and also thus: The letter A, lease in favor of José Nazario; lease in favor of South Porto Rico Sugar Company of Puerto Rico, and because of its propriety, with lease contracts in favor of Bernal Estate and South Porto Rico Sugar Company; the letter D, perpetual right of way in favor of South Porto Rico Sugar Company of Puerto Rico, and jointly with the property letter E, with mortgage in favor of The Federal Land Bank of Baltimore for $20,000. San Germán, April 19, 1968."

"I was notified of the foregoing note of refusal today, April 24, 1968. (Signed) P. Rampolla"

Appellants, feeling aggrieved, filed this new administrative appeal.

In his second note refusing to admit to record the above-mentioned deed No. 203, the Registrar alleges different reasons from those stated in the first note suspending record and which was reversed by this Court.

It is a well-established doctrine by this Court that a registrar of property is not empowered to refuse record of a deed for a second time on grounds different from those stated in the first note because it is the responsibility of the registrars to gather in one single note all the legal grounds of their refusal and that the first note having been reversed and the record of the document having been ordered, the powers of the registrar are restricted to per-

form the necessary operations to carry it through. *Roig* v. *Registrar of Property*, 18 P.R.R. 11 (1912); *Guánica Centrale* v. *The Registrar*, 23 P.R.R. 682 (1916); *Echavarría et al.* v. *Registrar*, 24 P.R.R. 80 (1916).

However, the registrar maintains in this case that in his first note he did not pass on the document, but he limited himself to suspend registration and return the document for the lack of other complementary and necessary documents required for a complete evaluation.

A similar contention was decided against the registrar in the case of *Guánica Centrale* v. *The Registrar, supra.* There the registrar endorsed a note on the agricultural contracts denying the recording because a stamp for the tax of one dollar had not been cancelled on the original instrument and because another stamp of fifty cents for the tax for recording the same was not deposited in the registry. This Court said at p. 683: "The respondent registrar is mistaken regarding the former action, for the instrument was not returned without being passed upon. On the contrary, it was reviewed at that time because the registrar stated in his note thereto that the instrument was denied admission to record for the reasons assigned therein and a decision of a registrar refusing to admit an instrument to record and setting forth his reasons therefor is clearly a reviewal of the instrument."

The registrar also maintains that the above-mentioned cases were decided before Art. 19 of the Mortgage Law was amended by Act No. 73 of 1958, and that this amendment "which authorizes the suspension of documents, does not prevent the Registrar, upon being presented anew with the document, from passing upon it completely, and he shall proceed to set forth all the defects it may have."

We do not agree. Article 19 of the Mortgage Law, before it was amended by the aforementioned act of 1958, provided:

"Should the registrar perceive any defect involving the legality of the instrument presented or the capacity of the parties thereto, he shall report the defect in writing to the person presenting the document or to the notary authorizing it, so that they may withdraw it and cure the defect within the term of duration of the entry of presentation, or at least within the five days following such notice. The notary or the person presenting the instrument need not withdraw the same when to cure the defect it is necessary only to attach thereto another document or proper antecedents. Should the defect not be corrected within the prescribed term, the Registrar shall refuse to register the instrument in the case of an incurable defect, or shall state the defect if curable; *Provided,* That notice to the person presenting the instrument or to the notary shall be stated on the margin of the entry of presentation." (1923 Sess. Laws, p. 212.)

Pursuant to the provisions of this article the notary or the person presenting the document was not bound to withdraw it when to cure the defect set forth by the registrar it was necessary only to attach another document or proper antecedents.

The aforementioned Art. 19 as amended in 1958, insofar as pertinent, provides:

"§ 44. Notice of defect; withdrawal for correction; suspension; procedure pending and after judicial review

"If the registrar perceives any defect involving the legality of the instrument presented or the capacity of the parties thereto, he shall report the defect in writing to the person presenting the document or to the one interested in its recording, or to the notary authorizing it, so that they may withdraw it and cure the defect within the term of duration of the entry of presentation, or at least within the five days following such notice. If the defect is not corrected within the prescribed term, the registrar shall refuse to register the instrument in the case of an incurable defect, or shall state the defect if curable. If the incurable defect consists only of the absence of attaching thereto any complementary document · indispensable for the registration, recording or cancellation, the registrar shall re-

quire of the same persons and within the same prescribed term that said complementary documents be attached thereto, and upon their failure to do so the registrar may refuse to register, record or cancel it according to the procedure established by law, or suspend it through a reasoned note set forth on the margin of the entry of presentation, which shall last for sixty days, and action may be taken before the Supreme Court using the remedy set forth in the law on remedies against decisions of the registrars of property; [§ 1771 *et seq.* of this title] Provided, That notification to the person presenting the document or to the person interested in its recording or to the notary shall be set forth on the margin of the entry of presentation; . . . ." (30 L.P.R.A. § 44.)

According to that amendment the person presenting the document, the person interested in its recording, or the notary authorizing it are not bound to withdraw the document presented if the defect consists of the absence of attaching thereto any complementary documents. If the incurable defect consists *only* of the absence of attaching thereto any complementary document indispensable for the registration, recording or cancellation, the registrar shall require the aforementioned persons to attach thereto said complementary documents, and if they fail to do so within the term prescribed by law, the registrar may refuse to register, cancel or record it or he may suspend it through a reasoned note.

■ This requirement made by the registrar to attach the complementary documents is only proper when the incurable defect consists *only* of the absence of such documents. But if the incurable defect does not consist only of the absence of the complementary documents because the registrar perceives other defects, it is his duty then to notify them to the interested persons set forth by law so that they shall withdraw the document and cure the defects. The registrar shall, then, pass upon the entire document upon its presentation and proceed to serve the proper notice if he

perceives any defect concerning the legality of the deeds or the capacity of the executors provided that the incurable defect does not consist only of the absence of complementary documents for, in this case, what is proper is the requirement for the attachment of said documents.

■ So that the doctrine settled by this Court construing Art. 19 of the Mortgage Law, concerning the duty of a registrar to pass completely upon the document in his first note, is in force after the 1958 amendment.

The registrar having exceeded his power in passing anew upon deed No. 203 setting forth different defects from those stated in the first note of suspension of record, the note appealed from will be reversed.

Mr. Chief Justice Negrón Fernández did not participate herein.